## WESTBROOK POLICE UNION, LOCAL 1257, COUNCIL 15, AFSCME, AFL-CIO *v.* TOWN OF WESTBROOK (AC 31380)

Bishop, Lavine and Alvord, Js.

Submitted on briefs October 15—officially released November 23, 2010

*Eric R. Brown* filed a brief for the appellant (plaintiff).

*John S. Bennet* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Westbrook Police Union, Local 1257, Council 15, AFSCME, AFL-CIO, appeals

from the judgment of the trial court denying its application to vacate an arbitration award. The plaintiff claims that the court should have vacated the award on the ground that the arbitration panel (panel) exceeded its authority and violated public policy in not reinstating Douglas Senn to a position from which he was discharged without just cause. We affirm the judgment of the trial court.

The panel found the following facts. On May 14, 2002, while employed by the defendant, the town of Westbrook, as a part-time constable, Senn was at a meeting with his fellow officers discussing potential work assignments. At that meeting, Senn stood up and declared, "I'm not working with niggers, Puerto Ricans or assholes . . . ." As a result of that comment, a complaint was filed against Senn, ultimately leading to the termination of his employment on September 4, 2002. The plaintiff subsequently grieved Senn's termination. After several failed attempts to negotiate a settlement, the parties submitted the following issue to the panel: "Whether the [defendant] had just cause to terminate the employment of Douglas Senn? If not, what shall the remedy be?" After an evidentiary hearing, the panel found that the defendant had terminated Senn's employment without just cause. As a remedy, the panel ordered that Senn receive back pay, but the panel did not order that he be reinstated. The plaintiff filed an application to vacate the panel's award with the trial court, which was denied. This appeal followed.

On appeal, there is no dispute between the parties that the submission to the panel was unrestricted. Our standard of review of an arbitration award that is based on an unrestricted submission is well established. "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the

award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .

"Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. . . .

"Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418. . . . [Section] 52-418 (a) (4) provides that an arbitration award shall be vacated if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award

with the submission to determine whether the arbitrators have exceeded their powers. . . . The standard for reviewing a claim that the award does not conform to the submission requires what we have termed in effect, de novo judicial review. . . . Although we have not explained precisely what in effect, de novo judicial review entails as applied to a claim that the award does not conform with the submission, that standard best can be understood when viewed in the context of what the court is permitted to consider when making this determination and the exact nature of the inquiry presented. Our review is limited to a comparison of the award to the submission. Our inquiry generally is limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. . . .

"In determining whether an arbitrator has exceeded the authority granted under the contract, a court cannot base the decision on whether the court would have ordered the same relief, or whether or not the arbitrator correctly interpreted the contract. The court must instead focus on whether the [arbitrator] had authority to reach a certain issue, not whether that issue was correctly decided. Consequently, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of authority, the award must be enforced. The arbitrator's decision cannot be overturned even if the court is convinced that the arbitrator committed serious error. . . . Moreover, [e]very reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Citations omitted; internal quotation marks omitted.) *Teamsters Local Union No. 677* v. *Board of Education,* 122 Conn. App. 617, 621–24, 998 A.2d 1239 (2010).

Here, the submission does not limit the nature of the remedy that the panel could fashion once it determined that Senn's employment had been terminated without just cause. Thus, the panel's failure to reinstate Senn cannot be construed as a failure to conform with the submission. Additionally, in light of Senn's use of a highly derogatory racial slur regarding his fellow officers, we find astonishing the plaintiff's claim that considerations of public policy require his return to his law enforcement duties. Suffice it to say, we disagree.

The judgment is affirmed.